**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH CHRISTO GOMEZ,<br><br>   Plaintiff,<br><br> v.<br><br>CRUZ, et al.,<br><br>   Defendants. | NO. CV 16-7430-JFW(E)<br><br>ORDER DISMISSING COMPLAINT WITH<br>LEAVE TO AMEND |

For the following reasons, the Complaint is dismissed with leave to amend. See 28 U.S.C. § 1915(e)(2)(B).

**BACKGROUND**

Plaintiff, an inmate at the Los Angeles County Jail, filed this civil rights action on October 4, 2016, pursuant to 42 U.S.C. section 1983. Defendants are: (1) Los Angeles County Sheriff Jim McDonnell; (2) Legal Unit Deputy Cruz; (2) Sergeant Moreno; and (4) Deputies Lascurain and Julliff. Plaintiff sues all Defendants in their official capacities only.

Plaintiff alleges that, in September of 2015, Defendants Cruz and Julliff assertedly failed to provide legal forms Plaintiff requested (Complaint, p. 5). Plaintiff's "pro per" status allegedly "was removed without good cause" (id.). For a year, Los Angeles County allegedly has failed to provide legal forms (id).

In June of 2016, Defendant Moreno and another sergeant allegedly had Plaintiff arrested, purportedly in retaliation for "requesting info to obtain a copy of [Plaintiff's] legal rights & request safety for fear of [Plaintiff's] life" (id.). Moreno allegedly "disciplined [Plaintiff] in retaliation" (id., p. 3). Since June of 2016, Defendant McDonnell allegedly has not responded to Plaintiff's letter of complaint requesting action (id., p. 5). Defendant Lascurain allegedly failed multiple times to file forms, apparently grievance forms (id.).

Plaintiff seeks an order requiring the Los Angeles Sheriff's Department "to look into policies and procedures that continually violate prisoner[']s rights," an order requiring jail officials to provide Plaintiff access to the law library, "relief from incarceration for illegal confinement" due to his alleged inability to file a notice of appeal or a habeas corpus petition, an order permitting Plaintiff "to file late or untimely responses to [Plaintiff's] conviction and sentencing," and damages (id., p. 6).
///
///
///
///

**DISCUSSION**

The Court must construe Plaintiff's official capacity claims against the individual Defendants as claims against the County of Los Angeles. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Plaintiff may not sue the County on a theory of respondeat superior, which is not a theory of liability cognizable under 42 U.S.C. section 1983. See Connick v. Thompson, 563 U.S. 51, 60 (2011); Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Polk County v. Dodson, 454 U.S. 312, 325 (1981). The County may be held liable only if the alleged wrongdoing was committed pursuant to a municipal policy, custom or usage. See Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 402-04 (1997); Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978). Conclusory allegations do not suffice to plead a municipal liability claim. See Ashcroft v. Iqbal, 556 U.S. at 678 (plaintiff must allege more than an "unadorned, the-defendant-unlawfully-harmed-me accusation"; a pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do"); Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) (en banc), cert. denied, 132 S. Ct. 2101 (2012) ("allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"); see also AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (pleading standards set forth in Starr v. Baca govern municipal liability claims). The Complaint fails to allege facts sufficient to plead a cognizable municipal liability claim.

1    Plaintiff may not sue any supervisor on a theory that the
2 supervisor is liable for the acts of his or her subordinates.  See
3 Ashcroft v. Iqbal, 556 U.S. at 676; Polk County v. Dodson, 454 U.S. at
4 325.  A supervisor "is only liable for his or her own misconduct," and
5 is not "accountable for the misdeeds of [his or her] agents."
6 Ashcroft v. Iqbal, 556 U.S. at 677.  Mere knowledge of a subordinate's
7 alleged misconduct is insufficient.  Id.  A supervisor may be held
8 liable in his or her individual capacity "for [his or her] own
9 culpable action or inaction in the training, supervision or control of
10 [his or her] subordinates."  Watkins v. City of Oakland, Cal., 145
11 F.3d 1087, 1093 (9th Cir. 1998) (quoting Larez v. City of Los Angeles,
12 946 F.2d 630, 646 (9th Cir. 1991)).  To state a claim against any
13 individual Defendant, Plaintiff must allege facts showing that the
14 individual Defendant participated in or directed the alleged
15 violation, or knew of the violation and failed to act to prevent it.
16 See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert.
17 denied, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not
18 simply conclusions, that show that an individual was personally
19 involved in the deprivation of his civil rights."); Taylor v. List,
20 880 F.2d 1040, 1045 (9th Cir. 1989).

22   Plaintiff may not bring a civil rights action to challenge his
23 conviction or sentence and obtain release from custody.  Habeas corpus
24 is the exclusive remedy for a person in state custody who challenges
25 the fact or duration of custody and seeks a speedier release
26 therefrom.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).
27 ///
28 ///

Any claims for damages arising out of an allegedly wrongful conviction or sentence are barred by Heck v. Humphrey, 512 U.S. 477 (1994) ("Heck"). In Heck, the United States Supreme Court held that, in order to pursue a claim for damages arising out of an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a civil rights plaintiff must prove that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 487. Plaintiff has not alleged that his conviction or sentence has been so invalidated.

Correctional officials may not retaliate against inmates who exercise their First Amendment rights. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997), cert. denied, 524 U.S. 936 (1998) (prisoners may base retaliation claims "on harms that would not raise due process concerns"). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d at 567-68 (citations

5

and footnote omitted). Plaintiff's confused and conclusory allegations of alleged retaliation are insufficient. See Guillen v. Owens, 577 Fed. App'x 664 (9th Cir. 2014); see generally Ashcroft v. Iqbal, 556 U.S. at 678.

To the extent Plaintiff alleges that any Defendant interfered with Plaintiff's ability to submit inmate grievances, such allegations are insufficient to state a federal claim. "[I]nmates lack a separate constitutional entitlement to a specified prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004) (rejecting claim that prison officials "added things" to plaintiff's grievance to mask procedural errors allegedly committed at challenged disciplinary hearing); see also Mann v. Adams, 855 F.2d 639, 640 (9th Cir.), cert. denied, 488 U.S. 898 (1988). Prison officials' alleged violations of grievance procedures do not give rise to a federal constitutional claim. Mann v. Adams, 855 F.2d at 640; see also Taek Sang Yoon v. Arnett, 385 Fed. App'x 666, 668 (9th Cir. 2010) ("the district court properly dismissed any due process claim Yoon sought to allege based on defendants' alleged failure to respond to, and interference with, Yoon's administrative grievances, because he has no due process right to the handling of grievances in any particular manner").

To the extent Plaintiff claims that any Defendant violated Plaintiff's right of access to the courts, the Complaint fails to state a claim upon which relief may be granted. An inmate claiming a violation of his or her right of access to the courts must demonstrate that the inmate has standing to bring the claim by showing the

defendant's actions caused the inmate to suffer "actual injury" in pursuit of either a direct or collateral attack upon a conviction or sentence or a challenge to the conditions of confinement. Lewis v. Casey, 518 U.S. 343, 349 (1996). Under Lewis v. Casey, an inmate must show that an action was "lost or rejected," or that presentation of a non-frivolous claim was or is being prevented, as a result of the alleged denial of access. Id. at 356. Actual injury is not demonstrated by the simple fact that a prisoner is "subject to a governmental institution that was not organized or managed properly." Id. at 350. The Complaint does not allege any actual injury as required by Lewis v. Casey.

To the extent Plaintiff attempts to assert the rights of other inmates, Plaintiff may not do so in this action. A pro se plaintiff may not represent anyone other than himself or herself. See Campbell v. Burt, 141 F.3d 927, 931 (9th Cir. 1998); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997).

**ORDER**

For the foregoing reasons, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Order within which to file a First Amended Complaint. The First Amended Complaint shall be complete in itself. It shall not refer in any manner to any prior complaint or to any other document. Failure to file timely a First Amended Complaint in conformity with this Order may result in the dismissal of this action. See Pagtalunan v. Galaza, 291 F.3d 639,

1  642-43 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003) (court may
2  dismiss action for failure to follow court order); Simon v. Value
3  Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir.), amended, 234
4  F.3d 428 (9th Cir. 2000), cert. denied, 531 U.S. 1104 (2001),
5  overruled on other grounds, Odom v. Microsoft Corp., 486 F.3d 541 (9th
6  Cir.), cert. denied, 552 U.S. 985 (2007) (affirming dismissal without
7  leave to amend where plaintiff failed to correct deficiencies in
8  complaint, where court had afforded plaintiff opportunities to do so,
9  and where court had given plaintiff notice of the substantive problems
10 with his claims); Plumeau v. School District #40, County of Yamhill,
11 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend
12 appropriate where further amendment would be futile).

14     IT IS SO ORDERED.

16     DATED: October 12, 2016.

                                    _____
                                        JOHN F. WALTER
                                    UNITED STATES DISTRICT JUDGE

21 PRESENTED this 12th day
22 of October, 2016 by:

24  _____/S/____
         CHARLES F. EICK
25 UNITED STATES MAGISTRATE JUDGE